UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAY REVELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:12CV1903 TIA |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel.

On October 15, 2012, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, raising four grounds for federal habeas relief.  Respondent filed his Response on May 5, 2012. Petitioner then filed a supplemental pleading, further articulating his claims.  On October 26, 2012, Petitioner filed a motion for appointment of counsel requesting that the Court appoint him an attorney.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).  In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted).  In the instant case, Petitioner raises only four grounds for habeas relief, and they do not appear to be factually or legally complex.  Further, Petitioner has thus far been able to articulate his claims in a clear, concise manner.  Because Petitioner has demonstrated an ability to adequately present his claims without an attorney, his motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. No. 4) is **DENIED**. If the Court later determines that counsel is necessary, it will issue an appropriate order.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2013.